# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| DAVID FROHWERK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 2:11-CV-210 |
| | ) | |
| UNKNOWN OFFICIALS OF | ) | |
| WCU, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court *sua sponte*, pursuant to 28 U.S.C. Section 1915A. For the reasons set forth below, the Court **STRIKES** the complaint; **DIRECTS** the Clerk to send the Plaintiff a blank Prisoner Complaint 42 U.S.C. § 1983 form; and **GRANTS** him until July 25, 2011, within which to file an amended complaint containing only a single claim or related claims.

BACKGROUND

David Frohwerk is a state prisoner confined at the Westville Correctional Facility ("WCF"). He has filed a complaint pursuant to 42 U.S.C. § 1983, in which he alleges that WCF officials violated his right to access to the court by interfering with his right to seek redress of grievances by being forced to place mail to the courts "unsecurly by depositing them in a mail bag opened . . . to be inspected by one of the defendants" (DE #1 at 3). He

also alleges that two correctional officers withheld legal materials from him, causing him "to appear in [the] LaPorte Circuit Court under prepared . . ." (DE #1 at 4).

DISCUSSION

Pursuant to 28 U.S.C. § 1915A(a), district courts must review the merits of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

The pleading standards in the context of a motion to dismiss for failure to state a claim are that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). A court should assume the veracity of a complaint's allegations, and then determine whether they plausibly give rise to an entitlement to relief. *Ashcroft v.*

2

*Iqbal*, 129 S. Ct. 1937, 1949-50; 173 L. Ed. 2d 868, 884 (2009).

In the context of *pro se* litigation, the Supreme Court stated that "[s]pecific facts are not necessary" to meet the requirements of Rule 8(a). The Court further noted that a "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007).

Although he does not name the defendants in the caption, Frohwerk does identify, in the body of the complaint, specific WCF officials he believes violated his federally protected rights. He alleges that "former law library supervisor Maria Carter and other persons unknown . . . [prevented him from] . . . obtain[ing] secure, meaningful access to the courts and government" (DE #1 at 3). Frohwerk alleges that Defendant Carter interfered with his right to seek redress of grievances by requiring him to place mail to the courts "unsecurly by depositing them in a mail bag opened . . . to be inspected" by prison officials (DE #1 at 3).

Frohwerk also alleges that Correctional Officers Cole and Nash violated his federally protected rights between January 31, 2011, and February 16, 2011, when they denied him access to legal materials he believes he needed to prepare for a hearing in the LaPorte Circuit Court on or about February 16, 2011. (DE #1 at 4.)

Pursuant to *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), a district court must "question" and "reject" any complaint

that contains unrelated claims against separate defendants:

> A buckshot complaint that would be rejected if filed by a free person- say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions- should be rejected if filed by a prisoner. [Plaintiff] did not make any effort to show that the 24 defendants he named had participated in the same transaction or series of transactions or that a question of fact is "common to all defendants".

*George*, 507 F.3d at 607. In that case, the Seventh Circuit criticized the district court because:

> [it] did not question [Plaintiff's] decision to join 24 defendants, and approximately 50 distinct claims, in a single suit. It should have done so. The controlling principle appears in FED. R. CIV. P. 18(a): "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g). [Plaintiff] was trying not only to save money but also to dodge that rule. He hoped that if even 1 of his 50 claims were deemed non-frivolous, he would receive no "strikes" at all, as opposed to the 49 that would result

> from making 49 frivolous claims in a batch of
> 50 suits.

*Id.* at 607.

This case is similar to *George* in that Frohwerk is attempting to bring unrelated claims against separate defendants in a single case. As instructed by *George*, this Court must reject this attempt. Therefore, the original complaint will be stricken with leave to file an amended complaint incorporating only related claims. Frohwerk may bring only properly related claims in his amended complaint in this case. Unrelated claims must be brought in separate cases. For example, if Frohwerk brings the claim that Carter violated his rights by forcing him to submit his mail to the courts in a mail bag that would be inspected in this case, he would need to bring the claim that Officers Cole and Nash deprived him of legal materials he needed to prepare for a hearing in another complaint.

CONCLUSION

For the foregoing reasons, the Court:

(1) **STRIKES** the complaint (DE #1);

(2) **DIRECTS** the Clerk to send the Plaintiff along with his copy of this order, a blank Prisoner Complaint 42 U.S.C. § 1983 form with this cause number already printed on it, summonses, and USM-285 forms;

(3) **GRANTS** him to and including July 25, 2011, within which to

file an amended complaint containing only a single claim or related claims, and providing the materials necessary to serve the defendants; and

(4) **CAUTIONS** him that if he does not respond by that deadline, this case will closed without further notice.

DATED: June 27, 2011                    /s/ RUDY LOZANO, Judge
                                        **United States District Court**