# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| DAVID FROHWERK, | ) |
| Plaintiff, | ) |
| vs. | ) CAUSE NO. 2:11-CV-210 |
| UNKNOWN OFFICIALS of WCU, | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on the Application to Proceed Without Prepayment of Fees and Affidavit, filed by Plaintiff, David Frohwerk, on August 8, 2011 (De #10); and *sua sponte* to reconsider, pursuant to 28 U.S.C. § 1915(g), the Court's order dated June 21, 2011, granting the Plaintiff leave to proceed *in forma pauperis*. For the reasons set forth below, the Court **RECONSIDERS** the order granting the Plaintiff *in forma pauperis* status, **STRIKES** the order dated June 21, 2011, and **DENIES** the Plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g).

Plaintiff, David Frohwerk, a prisoner confined at the Westville Correctional Facility, filed a complaint pursuant to 42 U.S.C. § 1983, and a petition to proceed *in forma pauperis*. On June 21, 2011, the Court granted the Plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(b), which allows prisoners to pay the filing fee over time by installments (DE #4). The Plaintiff has now filed a second motion to proceed *in forma*

*pauperis*.

A prisoner may not bring a civil action *in forma pauperis* if he has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This is commonly known as the "three strikes" provision.

At the time that this Court issued its June 21, 2011 order granting the Plaintiff leave to proceed *in forma pauperis,* it was unaware that Frohwerk had accumulated three strikes before he filed the complaint in this case. But the records of the United States District Court for the Northern District of Indiana establish that the disposition of three cases filed by Mr. Frohwerk in 2008 and 2009 qualify as "strikes" within the meaning of §1915(g):

>    (1) *David R. Frohwerk v. Diana M. Brinckley*, 3:08-CV-578 JVB, dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) on February 11, 2009, for failure to state a claim upon which relief can be granted;
>
>    (2) *David R. Frohwerk v. Diana M. Brinckley*, 3:09-CV-161 RM, dismissed pursuant to Fed. R. Civ. P. 12(h)(3) on July 15, 2009, for want of subject matter jurisdiction;
>
>    (3) *David R. Frohwerk v. Correctional Medical Services*, 3:09-CV-317 RM, dismissed pursuant to 28 U.S.C. § 1915A(b) on September 1, 2009, for failure to state a claim upon which relief can be granted;

An inmate with three or more "strikes" "can use the partial

2

prepayment option in § 1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996). Frohwerk's complaint in this case deals with the alleged failure of prison officials to provide him with legal materials to prepare for a hearing in state court, which does not suggest any possibility of imminent danger of serious physical harm.

Because he has accumulated three strikes and is not in imminent danger of serious physical injury, the Court must deny the Plaintiff leave to proceed *in forma pauperis*. Frohwerk may still proceed with this action, but to do so he must pay the full amount of the filing fee.

For the foregoing reasons, the Court:

(1) **RECONSIDERS** the order granting the Plaintiff *in forma pauperis* status and **STRIKES** the order of June 21, 2011 (DE #4), which granted the Plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(b);

(2) **DENIES** the Plaintiff's second petition for leave to proceed on appeal *in forma pauperis* (DE #10);

(3) **AFFORDS** the Plaintiff to and including **September 1, 2011**, within which to pay the $350.00 filing fee, and

(4) **ADVISES** the Plaintiff that if he does not pay the filing fee in full by that date, this complaint will be dismissed without further notice without affecting his obligation to pay the

3

remainder of the filing fee in installments.



**DATED: August 9, 2011**              **/S/RUDY LOZANO, Judge**
                                        **United States District Court**