IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DAVID FROHWERK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 2:11-CV-210 |
| ) | |
| UNKNOWN OFFICIALS OF ) | |
| WCU, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This matter is before the Court *sua sponte* pursuant to 28 U.S.C. Section 1915A. For the reasons set forth below, the Court **DISMISSES** the Plaintiff's complaint pursuant to 28 U.S.C. § 1915A(b)(1).

BACKGROUND

David Frohwerk, a state prisoner confined at the Westville Correctional Facility ("WCF"), filed a complaint pursuant to 42 U.S.C. § 1983, alleging that WCF officials violated his right to access to the court by forcing him to place mail to the courts "unsecurly by depositing them in a mail bag opened . . . to be inspected." (DE #1 at 3.) He also alleged, as a separate claim, that two correctional officers withheld legal materials from him, causing him "to appear in [the] LaPorte Circuit Court under prepared . . ." (DE #1 at 4.)

Pursuant to *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the

Court struck the complaint and gave the Plaintiff time within which to file an amended complaint containing only a single claim or related claims (DE #5). The Plaintiff has now filed an amended complaint raising only the question of whether the WCF superintendent and property officers violated his right of access to the courts by not providing him with legal materials from his property before a hearing in the LaPorte Circuit Court on or about February 16, 2011 (DE #9).

DISCUSSION

Pursuant to 28 U.S.C. § 1915A(a), district courts must review the merits of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

The pleading standards in the context of a motion to dismiss for failure to state a claim are that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more

than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). A court should assume the veracity of a complaint's allegations, and then determine whether they plausibly give rise to an entitlement to relief. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50; 173 L. Ed. 2d 868, 884 (2009).

In the context of *pro se* litigation, the Supreme Court stated that "[s]pecific facts are not necessary" to meet the requirements of Rule 8(a). The Court further noted that a "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007).

Frohwerk brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States.

Frohwerk alleges that the WCF superintendent and property officers Cole and Nash violated rights protected by the

3

Constitution's First Amendment by denying him access to legal materials he believes he needed to prepare for a hearing in the LaPorte Circuit Court. He states that he was confined in the segregation unit between January 31 and April 20, 2011, and that his legal materials were stored in the WCF property room. (DE #3 at 19.)

Frohwerk states that he filed a state petition for writ of habeas corpus asserting that he was in custody on an expired sentence. He alleges that a hearing was set in the LaPorte Circuit Court on February 16, 2011, and that he needed his "legal files and documents to prepare for this hearing." (DE #9 at 3.) He asserts that because the defendants "withheld my legal work for (16) days I appeared under prepared and without the filings I intended to file in open court . . . [and] . . . I couldn't remember the authorities at all properly." (DE #9 at 4.)

As a result, according to the complaint, "the State prevailed" at the hearing and his habeas petition was transferred to another court as a petition for post-conviction relief, resulting in a delay in addressing the merits of his petition. (DE #9 at 4.) Frohwerk attaches a copy of an order dated April 20, 2011, ordering that the "Petitioner's Petition for Writ of Habeas Corpus be transferred by the Clerk of the LaPorte Circuit Court to the Clerk of the St. Joseph County Superior/Circuit Court where it shall be treated as a Petition for Post-Conviction Relief." (DE #9 at 9.)

4

The Plaintiff's claims implicate the First Amendment, and the Fourteenth Amendment right to substantive due process. *See Snyder v. Nolen*, 380 F.3d 279, 290 (7th Cir. 2004) (The right of access to the courts is an aspect of the First Amendment right to petition the government for redress of grievances). The fundamental right of access to the courts requires prison authorities to provide prisoners with the tools necessary "to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Lewis v. Casey*, 518 U.S. 343, 355 (1996); *see also Bounds v. Smith*, 430 U.S. 817, 828 (1977).

To establish a violation of the right to access to the courts, the Plaintiff must establish that his custodians failed to provide the assistance required by *Bounds,* and show that he suffered actual injury. *Lewis*, 518 U.S. at 351 (holding that *Bounds v. Smith* did not eliminate the actual-injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts). The actual-injury requirement applies even in cases "involving substantial systematic deprivation of access to court," including the "total denial of access to a library," or "an *absolute* deprivation of access to all legal materials." *Lewis*, 518 U.S. at 352 n. 4 (emphasis in original). Standing alone, delay and inconvenience do not rise to the level of a constitutional deficiency. *Campbell v. Miller*, 787 F.2d 217, 229 (7th Cir. 1986).

Frohwerk asserts that the Defendants violated his right to

access to the courts by not giving him legal materials from his stored property prior to a hearing on whether his state habeas petition should be treated as a petition for post-conviction relief. He alleges that because his state petition collaterally attacking his conviction has been transferred to St. Joseph County, it is taking longer to resolve his claims on the merits. (DE #9 at 4.) But being required to litigate his claims in the St. Joseph Circuit or Superior Court rather than the LaPorte Circuit Court does not injure or prejudice Frohwerk because his substantive claims are still before the state courts, and delay and inconvenience do not rise to the level of a constitutional deficiency. *Campbell*, 787 F.2d at 229. Frohwerk has not shown that he suffered actual injury, as required by *Lewis*, 518 U.S. at 351, and he has not pled facts that would plausibly give rise to an entitlement to relief. *Ashcroft*, 129 S. Ct. at 1949-50.

CONCLUSION

For the foregoing reasons, pursuant to 28 U.S.C. § 1915A(b)(1), the court **DISMISSES** the Plaintiff's Complaint and **DIRECTS** the Clerk to **CLOSE** this case.

DATED: October 17, 2011 /s/ RUDY LOZANO, Judge
**United States District Court**

6